UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRIE J. BANKS,<br><br>                Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br>KELLY MICHAEL FROST, and DOES 1<br>through 100, inclusive,<br><br>                Defendants. | No. 2:23-cv-01594-TLN-DB<br><br>**ORDER** |

      This matter is before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss. (ECF No. 9.) Plaintiff Lorrie J. Banks ("Plaintiff") filed an opposition. (ECF No. 17.) Defendant filed a reply. (ECF No. 18.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile accident between Plaintiff and an employee of the United States Postal Service ("USPS").  Plaintiff is an individual who resides in Shasta County, California.  (ECF No. 1 at ¶ 1.)  At all relevant times, Defendant Kelly Michael Frost ("Frost") was an employee of USPS acting within the course and scope of their employment.  (*Id.* at ¶ 2.)

Plaintiff alleges Frost was driving a USPS vehicle but "failed to stop for a red traffic signal" and collided with Plaintiff's vehicle on March 13, 2021.  (*Id.* at ¶¶ 13, 16.)  The accident caused bodily injuries to Plaintiff, in addition to the damage to her vehicle.  (*Id.* at ¶ 17.)

On December 21, 2022, Plaintiff prepared a federal tort claim for the injuries and damage she sustained as a result of the accident and served the claim on USPS's Chief Counsel at the Torts-General Law Service Center.  (ECF No. 1 at 3.)  Plaintiff alleges USPS did not render a decision but her claim "has been denied by operation of law."  (*Id.*)

On August 8, 2023, Plaintiff initiated this action, asserting a negligence claim against Defendant and Frost pursuant to § 2674 of the Federal Tort Claims Act ("FTCA") (28 U.S.C § 2674).  (ECF No. 1 at 3–5.)  Defendants filed the instant motion to dismiss the Complaint on December 18, 2023.  (ECF No. 9-1.)  Plaintiff filed an opposition (ECF No. 17), and Defendant filed a reply (ECF No. 18).

## II. STANDARD OF LAW

A motion under Federal Rule of Civil Procedure ("Rule") 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations.").  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  *Robinson v. United States*, 586 F.3d

2

683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

### III. ANALYSIS

Plaintiff's sole cause of action is a negligence claim against Defendant and Frost, seeking monetary damages pursuant to the FTCA. (ECF No. 1 at 5.) Defendant moves to dismiss Plaintiff's negligence claim for failure to exhaust her administrative remedies.[1] (ECF No. 9.)

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Id.* (citation omitted). The FTCA "waives the sovereign immunity of the United States for certain torts committed by federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* (citation and internal quotations omitted).

Under the FTCA, a person may not sue the United States for money damages for an injury "caused by the negligent or wrongful act of any employee of the Government unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is deemed "presented" "when a Federal agency receives … an executed Standard Form 95 or other written notification of an incident … ." 28 C.F.R. § 14.2. The administrative exhaustion requirement is jurisdictional in nature, and because it waives the United States's sovereign immunity, it must be interpreted strictly. *Vacek*, 447 F.3d at 1250.

Defendant contends Plaintiff failed to exhaust her administrative remedies because "USPS has no record of any administrative tort claim filed by [Plaintiff]." (ECF No. 9-1 at 4.) And because Plaintiff cannot show her claim was received by USPS, Defendant maintains Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. (*Id.*) In opposition, Plaintiff

---

[1] Defendant also contends the United States is the only proper party under the FTCA and that Frost must be dismissed from this action. (ECF No. 9-1 at 4.) Plaintiff agrees. (ECF No. 17 at 4.) Accordingly, the Court hereby DISMISSES Frost from this action in light of the parties' stipulation.

3

argues she exhausted her administrative remedies by serving a federal tort claim upon USPS's Chief Counsel, and when USPS did not respond, the claim was deemed denied. (ECF No. 17 at 4–8.) To support her position that USPS received her claim, Plaintiff includes several declarations from her legal counsel — detailing the steps taken to mail the claim — and an incomplete USPS certified mail return receipt.[2] (ECF Nos. 17-2–17-4, 17-7.) The parties dispute the legal effect of the incomplete return receipt. (*See* ECF No. 9-1 at 4; ECF No. 17 at 6.)

The Court finds Plaintiff failed to demonstrate she exhausted her administrative remedies, and therefore, the Court lacks subject matter jurisdiction over her claim. As noted above, a plaintiff must exhaust their administrative remedies as a jurisdictional prerequisite to filing suit in federal court. *See* 28 U.S.C. § 2675(a). To exhaust her administrative remedies, Plaintiff must have presented her claim to USPS. *Id.* Plaintiff contends she presented her claim by mailing it to USPS via certified U.S. mail. (*See* ECF No. 17 at 4.) However, Defendant has no record of an administrative tort claim filed by Plaintiff. (ECF No. 9-1 at 4.) Plaintiff's argument that she presented her claim, notwithstanding Defendant having no record of its receipt, primarily hinges upon the incomplete return receipt purportedly issued by USPS. But without a complete return receipt,[3] or other evidence tending to show her claim was received by USPS, the Court is unable to determine whether Plaintiff's claim was properly presented to USPS consistent with 28 C.F.R. § 14.2. And Plaintiff offers no legal authority to support her contention that the evidence she has proffered thus far, including the incomplete return receipt, is sufficient to confer jurisdiction upon the Court.

In sum, it was Plaintiff's burden to prove the Court has jurisdiction over her claim. *Robinson*, 586 F.3d at 685. Plaintiff failed to carry her burden. Accordingly, the Court DISMISSES Plaintiff's Complaint with leave to amend. Any amendment should clearly

---

[2] The return receipt includes a USPS barcode tracking number and a stamp that reads, "RECEIVED, JAN 06 2023." (ECF No. 17-7.) The section that was to be completed by USPS, however, is incomplete and contains a signature but no date of receipt and the person who ostensibly signed for the package failed to print their name. (*Id.*)

[3] A complete return receipt is important because it would indicate who signed for the package. To the extent there was any dispute regarding whether USPS properly received the package, the signatory could help explain the situation.

demonstrate Plaintiff has exhausted her administrative remedies, either by proffering additional evidence or citing case law with similar facts as the instant case.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Frost from this action and DISMISSES Plaintiff's Complaint with leave to amend. (ECF No. 9.)  Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order.  Defendant shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.  If Plaintiff opts not to file an amended complaint, the Clerk of Court will close this matter.

IT IS SO ORDERED.

**Date:  July 22, 2024**

_____
Troy L. Nunley
United States District Judge