1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   LORRIE J. BANKS,

12              Plaintiff,                        No. 2:23-cv-01594-TLN-SCR

13        v.

14   UNITED STATES OF AMERICA; and       **ORDER**
     DOES 1 through 100, inclusive,
15
                Defendants.
16

17        This matter is before the Court on Defendant United States of America's ("Defendant")

18   Motion to Dismiss (ECF No. 28) and Plaintiff Lorrie J. Banks's ("Plaintiff") Motion to Conduct

19   Jurisdictional Discovery (ECF No. 29).  Both motions are fully briefed.  (ECF Nos. 30, 33, 34,

20   36.)  For the reasons set forth below, the Court DENIES without prejudice Defendant's Motion to

21   Dismiss and GRANTS Plaintiff's Motion for Jurisdictional Discovery.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                              1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The instant matter arises from a motor-vehicle accident between Plaintiff and Defendant's employee, Kelly Michael Frost ("Frost"), in Anderson, California.  (ECF No. 26 at 3.)  Plaintiff alleges Frost caused the accident by failing to stop at an intersection controlled by a stop sign while operating a United States Postal Service ("USPS") vehicle.  (*Id.*)

Plaintiff alleges that on December 21, 2022, he mailed a written administrative claim via Certified U.S. Mail/Return Receipt Requested to the Chief Counsel, Torts-General Law Service Center, USPS National Tort Center, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.  (*Id.*)  Plaintiff further alleges that on January 6, 2023, he received a return receipt bearing a tracking number and article number that corresponded with the numbers associated with the claim mailed on December 21, 2022.  (*Id.* at 3–4.)  Section "A" of the return receipt bore a signature, however the signatory failed to print their name in the box directly below the signature.  (*Id.* at 4.)  On October 19, 2023, United States Attorney Dean Carter informed Plaintiff that the USPS Chief Counsel, Torts-General Law Service Center, USPS National Tort Center claimed they never received the claim allegedly mailed on December 21, 2022.  (*Id.* at 5.)

Both parties allegedly made efforts to identify who signed the return receipt, but did not have success.  (*Id.* at 6–9.)  Plaintiff alleges USPS makes mistakes and the claim was sent shortly before Christmas, a time at which USPS mishandles more mail than at other times of the year.  (*Id.* at 9.)

Plaintiff filed the instant action on August 2, 2023.  (ECF No. 1.)  Plaintiff filed the operative First Amended Complaint ("FAC") on October 7, 2024, after the Court granted Defendant's prior motion to dismiss with leave to amend.  (ECF Nos. 19, 26.)  On October 18, 2024, Defendant filed the instant Motion to Dismiss the FAC.  (ECF No. 28.)  On October 23, 2024, Plaintiff filed the instant Motion to Conduct Jurisdictional Discovery.  (ECF No. 29.)

## II.  STANDARD OF LAW

A motion under Federal Rule of Civil Procedure ("Rule") 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action.").  A court considering a motion to dismiss for lack of subject

matter jurisdiction is not restricted to the face of the complaint and may review any evidence to

resolve disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d

558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d

730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive

truthfulness attaches to plaintiff's allegations.").  "Once challenged, the party asserting subject

matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d

683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir.

2007)).

### III.    ANALYSIS

Plaintiff's sole cause of action in the FAC is a negligence claim against Defendant and

Frost, seeking monetary damages pursuant to the Federal Tort Claims Act ("FTCA").  (ECF No.

26 at 9–11.)  The Court will first address the parties' arguments regarding subject matter

jurisdiction and then turn to the parties' arguments regarding jurisdictional discovery.

### A.    Subject Matter Jurisdiction

"Sovereign immunity is an important limitation on the subject matter jurisdiction of

federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).  "The United

States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Id.*

(citation omitted).  The FTCA "waives the sovereign immunity of the United States for certain

torts committed by federal employees under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or

omission occurred." *Id.*  (citation and internal quotation omitted).

Under the FTCA, a person may not sue the United States for money damages for an injury

"caused by the negligent or wrongful act of any employee of the Government unless the claimant

shall have first presented the claim to the appropriate Federal agency and his claim shall have

been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. §

2675(a).  A claim is deemed "presented" "when a Federal agency receives . . . an executed

Standard Form 95 or other written notification of an incident . . . ."  28 C.F.R. § 14.2.  The

1    administrative exhaustion requirement is jurisdictional in nature, and because it waives the United

2    States's sovereign immunity, it must be interpreted strictly.  *Vacek*, 447 F.3d at 1250.

3         Defendant argues the Court lacks subject-matter jurisdiction over Plaintiff's claims

4    because Plaintiff failed to exhaust her administrative remedies as required by the FTCA.[1]  (ECF

5    No. 28-1 at 1.)  Specifically, Defendant contends Plaintiff never served an administrative claim in

6    accordance with the FTCA, and USPS has no record of any claim being filed by or on behalf of

7    Plaintiff.  (*Id*. at 2.)

8         In opposition, Plaintiff asserts Defendant recognizes the return receipt itself creates a

9    "presumption of receipt," but there is also the following evidence: the form of sworn testimony

10   from the legal assistant who mailed the claim; the fact that the return receipt was signed by

11   someone who likely works for and at the office of the Chief Counsel; the fact that a sticker with a

12   bar code was affixed to the return receipt; the fact that USPS does not always place a tracking

13   number on every piece of certified mail; the fact that the claim was sent around Christmas — the

14   time of year when USPS is the busiest and when more mail gets mishandled than at any other

15   time of year; and the fact that the signed return receipt was received by Plaintiff's lawyer's office

16   18 days after the claim was mailed.  (ECF No. 30 at 4.)  Plaintiff maintains the fact that the claim

17   was not input into the USPS tracking system "does not rebut the presumption that it was sent and

18   received and certainly does not prove the claim was not sent or received."  (*Id.*)  Plaintiff argues

19   Defendant offers no alternative explanation for the return receipt bearing a signature indicating it

20   was received and the bar code on a sticker affixed to the return receipt, both of which constitute

21   strong circumstantial evidence the claim was received.  (*Id.* at 5.)  Plaintiff notes that if there is

22   presently insufficient evidence to determine whether the claim was received, she has filed a

23   separate motion to conduct limited jurisdictional discovery to determine who signed the return

24   receipt.  (*Id.*)

---

26   [1]    Defendant also argues again the United States is the only proper defendant under the
27   FTCA as Plaintiff previously stipulated to Frost's dismissal but provides no new allegations or
     explanations for why she has renamed him in the FAC.  (ECF No. 28-1 at 4.)  As stated in the
     Court's prior July 23, 2024 Order, the Court has dismissed Frost from the action in light of the
28   parties' stipulation.  (ECF No. 19 at 3 n.1.)

1    In reply, Defendant contends there are several deficiencies with the certified mail return

2    receipt, including the absence of the signatory's name, a defective tracking number, a missing

3    delivery date, and the undisputed fact that USPS has no record of the certified mail being scanned

4    at any of its facilities.  (ECF No. 33 at 2.)  Defendant also notes the presence of the bar code

5    sticker placed on the return receipt only shows the return receipt was mailed, not that the

6    administrative claim itself was delivered.  (*Id.*)

7    The Court finds that this case presents a close call.  The Court acknowledges that the FAC

8    presents new allegations: that the certified mail receipt not only has a signature but also bears a

9    bar code sticker affixed to the receipt by USPS (ECF No. 26 ¶ 15); her counsel's staff inquired

10   about the bar code sticker at the local post office and was told the sticker would have been placed

11   on the return receipt when it was on its way back to her counsel's firm (*id.* ¶ 23); USPS may have

12   made a mistake and lost the mail, as the certified mail package was placed in the mail just before

13   Christmas (*id.* ¶ 26); and Plaintiff attaches a certified mail from a different mailing and alleges

14   that the unrelated receipt displays tracking information to show it is moving through USPS's

15   delivery network, which indicates the tracking system is "less than perfect" (*id.* ¶ 27).  These new

16   allegations, however, do not fully assist the Court in its determination of whether it is more likely

17   than not that Plaintiff's claim was properly presented to USPS consistent with 28 C.F.R. § 14.2.

18   (ECF No. 19 at 4.)  Plaintiff also again fails to offer authority to support her contention that the

19   evidence she has proffered thus far, including the incomplete return receipt, is sufficient to confer

20   jurisdiction upon the Court.  The Court therefore turns to Plaintiff's Motion to Conduct

21   Jurisdictional Discovery.

22                          B.       Jurisdictional Discovery

23   Plaintiff notes that its counsel previously requested the U.S. attorney provide the identities

24   of every employee who works in the office of Chief Counsel (where she maintains her claim was

25   mailed) and to show every employee a copy of the signed return receipt to identify the employee

26   who signed for the claim, but the U.S. attorney has refused.  (ECF No. 29-1 at 2–3.)  Plaintiff

27   therefore seeks to serve interrogatories to determine the identities of every USPS employee who

28   works in the office of the Chief Counsel, to obtain signature exemplars from each and every

5

1   employee identified, and to depose the USPS employees who submitted declarations in support

2   of Defendant's first motion to dismiss.  (*Id.* at 3.)  Plaintiff maintains limited jurisdictional

3   discovery is allowed to decide a factual challenge.  (*Id.* at 4.)

4          In opposition, Defendant argues Plaintiff has not shown that further discovery would lead

5   to facts sufficient to constitute a basis for jurisdiction, as it has stronger evidence the claim was

6   not received, USPS has no record of having received the claim, and USPS's tracking information

7   shows no mail bearing the tracking information provided by Plaintiff was ever mailed.  (ECF

8   No. 34 at 2.)  Defendant asserts Plaintiff's description of proposed discovery demonstrates it is

9   nothing more than a fishing expedition.  (*Id.* at 3.)  Defendant argues in the alternative that

10   should the Court agree discovery is necessary, it should be limited in scope and narrowly

11   tailored to prevent burdens.  (*Id.*)

12          District courts have a significant amount of leeway in deciding whether to grant a plaintiff

13   leave to conduct jurisdictional discovery while a motion to dismiss is pending.  *Barantsevich v.*

14   *VTB Bank*, 954 F. Supp. 2d 972, 996 (2013).  The Ninth Circuit has adopted a liberal standard

15   with respect to the granting of jurisdictional discovery, noting that it should "ordinarily be granted

16   where pertinent facts bearing on the question of jurisdiction are controverted," or "[w]here a

17   plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

18   allegations in the face of specific denials made by defendants . . . ."  *Butcher's Union Local No.*

19   *498, United Food and Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986);

20   *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995).  "In other words, limited

21   discovery should not be permitted to conduct a 'fishing expedition.'"  *Johnson v. Mitchell*, No.

22   CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (internal citations

23   omitted).

24          In this case, the Court finds jurisdictional discovery would be beneficial for Plaintiff to

25   ascertain who in the Chief Counsel's office (where she maintains it was mailed) was responsible

26   for signing the return receipt that was sent back to her counsel.  The Court notes that the threshold

27   for granting jurisdictional discovery is low.  *See Harris Rustky & Co. Ins. Servs. Inc. v. Bell &*

28   *Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("[D]iscovery on this issue might well

demonstrate facts sufficient to constitute a basis for jurisdiction . . . and in the past we have remanded in just such a situation.").  The Court recognizes that Plaintiff took affirmative steps to ensure that her administrative claim was mailed properly — namely, by certified mail.  At this juncture, however, Plaintiff simply has no other way in which to ascertain who received her administrative claim at the office of Chief Counsel and whether it was received at all.  The Court therefore believes some limited jurisdictional discovery is appropriate.

The Court agrees with Defendant that discovery should be limited in scope and narrowly tailored to prevent it from becoming a fishing expedition.  Accordingly, the Court sets forth the following limitations on discovery:

- Jurisdictional discovery is limited to the issue of whether Plaintiff's administrative claim was received by the United States Postal Service;
- No more than ten (10) depositions per party;
- No more than twenty (20) interrogatories per party;
- No more than twenty (20) requests for production per party;
- Jurisdictional discovery must be completed within one hundred and eighty (180) days; and
- All discovery is otherwise subject to the limits set forth in the Federal Rules of Civil Procedure, including Rule 26(b)(1)'s requirement that discovery may only be obtained insofar as it is "relevant to any party's claim or defense or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

**IV.    CONCLUSION**

For the foregoing reasons, Court DENIES without prejudice Defendant's Motion to Dismiss (ECF No. 28) and GRANTS Plaintiff's Motion for Jurisdictional Discovery to the extent described above (ECF No. 29).  Jurisdictional discovery shall be completed within one hundred and eighty (180) days from the date of this Order.  "Completed" means not only that discovery itself has ended, but also that any discovery disputes are fully resolved.  Plaintiff may seek leave

7

to amend the complaint following the completion of jurisdictional discovery.  Any motion

seeking leave to amend shall be filed within fourteen (14) days after the discovery deadline.

   IT IS SO ORDERED.

Date: August 27, 2025

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE